IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES CLAY, | § | |
| | § | No. 213, 2015 |
| Petitioner Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| WARDEN G.R. JOHNSON, | § | No. 1310017689 |
| | § | |
| Respondent Below- | § | |
| Appellee. | § | |

Submitted: October 7, 2015
Decided: November 5, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## *ORDER*

On this 5th day of November 2015, it appears to the Court that:

(1) Petitioner-Below/Appellant James Clay ("Clay") appeals from a Superior Court Order denying his petition for a writ of habeas corpus. He makes one claim on appeal. He contends that the court below erred when it denied his petition for a writ of habeas corpus because the requisition from Arkansas for his extradition to that state did not comply with certain statutory requirements. Specifically, Clay alleges that the documents received from Arkansas were invalid because: (1) the Arkansas Jackson County Sheriff's affidavit was not notarized; (2) Clay was not arrested under the Governor's Warrant, issued by Governor Markell, within thirty days of being

taken into custody in violation of 11 *Del. C.* § 2515; and (3) the Governor's Warrant is ambiguous as to the charges Clay will face in Arkansas. We find no merit to Clay's appeal and affirm.

(2) On March 9, 2015, the Circuit Court of Jackson County, Arkansas issued a bench warrant for the arrest of Clay for an unsolved murder from 1967. Since Clay resided in Georgetown, Delaware, the Jackson County Sheriff contacted Georgetown Police and requested that Clay be arrested as a fugitive of Arkansas. Georgetown Police Officer Derrick Calloway made contact with Clay at his residence. Clay "openly admitted to [Officer Calloway] about committing [the] homicide[.]"[1] Clay went back to Police Headquarters with Officer Calloway.

(3) After being read his *Miranda* rights, Clay again admitted to committing the homicide, but then decided to remain silent and requested an attorney. Officer Calloway placed Clay under arrest and contacted the Delaware State Police in order to confirm that the Arkansas arrest warrant was indeed valid. After confirming its validity, Officer Calloway appeared before a Justice of the Peace, who issued an arrest warrant for Clay pursuant to 11 *Del. C.* § 2513.

(4) On March 18, 2015, the Governor of Arkansas sent Governor Markell the requisition for Clay's apprehension and extradition. The request included several

---

[1] Appellant's Op. Br. App. at A5.

2

certified documents, including: (1) the Arkansas prosecuting attorney's sworn application to the Governor of Arkansas for a warrant of extradition, together with an accompanying affidavit, signed, notarized, and dated March 13, 2015; (2) the Arkansas Information charging Clay with Murder First Degree, filed on March 13, 2015; (3) an affidavit of Jackson County Sheriff David Lucas, dated March 9, 2015; and (4) a copy of the bench warrant, issued March 9, 2015. Based on these documents, Governor Markell issued a Governor's Warrant on April 1, 2015, which authorized the extradition of Clay.

(5) An extradition hearing was scheduled for April 2, 2015 in the Justice of the Peace Court but was continued until April 10. The State then requested that the extradition hearing be rescheduled to April 9. Although it appears that Clay was appointed counsel as early as March 13, the Justice of the Peace was unaware of that fact because Clay's counsel entered his appearance through a system not used by the Justice of the Peace Court. Due to this error, the April 9 extradition hearing proceeded without Clay's counsel. Once notified that Clay had counsel, the Justice of the Peace scheduled a new hearing for April 14. At the April 14 hearing, Clay requested an extension in order to file a petition for a writ of habeas corpus, which the Justice of the Peace granted.

(6) On April 20, Clay filed his petition with the Superior Court. Clay asserted

3

the aforementioned three claims as to why he should be released from custody. A conference was held on April 22, at the conclusion of which the Superior Court denied Clay's petition. This appeal followed.

(7) "Unlike its federal counterpart, the writ of habeas corpus under Delaware law provides relief on a very limited basis."[2] "Habeas corpus provides an opportunity for one illegally confined . . . to obtain judicial review of the jurisdiction of the court ordering commitment."[3] In the context of extradition, this Court may decide only:

> (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; © whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.[4]

"A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met."[5] "[W]hen a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination."[6]

(8) As to Clay's first claim, 11 *Del. C.* § 2503 states, in pertinent part: "No demand for [] extradition . . . shall be recognized by the Governor unless . . .

---

[2] *Moore v. State*, 2002 WL 31681802, at *1 (Del. Nov. 25, 2002).
[3] *Id.*
[4] *Michigan v. Doran*, 439 U.S. 282, 289 (1978).
[5] *Id.*
[6] *Id.* at 290.

4

accompanied by a copy of an indictment found or by information supported by affidavit . . . or by a copy of an affidavit made before a magistrate . . . ."[7] The affidavit of Sheriff Lucas, which is, in substance, a probable cause affidavit, is signed by him and followed by a signature block for a notary public on the same page. The notary public signature block is blank. However, the notary public area is then followed immediately, on the same page, by the following provision: "I hereby find that this sworn affidavit demonstrates reasonable and probable cause for the issuance of a warrant of arrest for JAMES LEON CLAY . . . ."[8] That line is followed by the signature of the Circuit Judge. From this language and the fact that the Circuit Judge signed the document, one can infer that Lucas signed in the Circuit Judge's presence. In addition, even if the Sheriff's affidavit was viewed as defective, the copy of the information, accompanied by the affidavit of the prosecuting attorney, cures any such defect by independently satisfying the provision that there be a "copy of an indictment or information supported by affidavit . . . ."[9]

(9) Second, Clay was not held in violation of 11 *Del. C.* § 2515, which allows a fugitive to be committed to jail for thirty days pending his arrest under a Governor's

---

[7] 11 *Del. C.* § 2503.
[8] Appellant's Op. Br. App. at A18.
[9] 11 *Del. C.* § 2503.

5

Warrant.[10] Clay was arrested on March 10. The Governor's Warrant was issued on April 1, well within the thirty day commitment period. Clay's arrest under the warrant was enabled within the thirty day period. The fact that a new hearing was held outside the thirty day period to allow Clay's counsel to participate is irrelevant.

(10) Third, the Governor's Warrant and accompanying documents clearly state that Clay has been charged with Murder First Degree. The original bench warrant charged Clay with both murder and kidnapping. The fact that Clay was ultimately not charged with kidnapping is irrelevant. Clay has notice that the State of Arkansas alleges that he committed murder. For all these reasons, the trial court acted properly in denying Clay's petition.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

Justice

---

[10] 11 *Del. C.* § 2515 ("[T]he judge or justice of the peace shall, by a warrant reciting the accusation, commit the person to jail for such a time not exceeding 30 days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the Governor . . . .").